IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02551-GPG

HUNTER LEE WEEKS,

     Plaintiff,

v.

CONNIE CLAUSSEN, R.N. at Sterling Correctional Facility, and
BERNADETTE SCOTT, Lt. and ADA Inmate Coordinator at Sterling Correctional Facility,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Hunter Lee Weeks, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.   Mr. Weeks has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming Defendants have retaliated against him in violation of his rights under the United States Constitution.   Mr. Weeks also asserts a state law claim for harassment.   He seeks damages as well as declaratory and injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. Weeks is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined the Prisoner Complaint is deficient.   Mr. Weeks specifically claims Defendants retaliated against him for exercising his First Amendment rights (claim one),

for exercising his Fourteenth Amendment rights (claim two), for assisting other inmates

with accessing the courts in violation of his Sixth Amendment rights (claim three), and for

assisting other inmates with claims under the Americans with Disabilities Act (claim four).

However, he fails to allege specific facts in support of each claim that demonstrate he is

entitled to relief.   Instead, each retaliation claim is premised on the same vague and

conclusory factual allegations and repetitive legal argument.

Prison officials may not retaliate against an inmate for exercising his constitutional

rights.   *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).   To state a

retaliation claim Mr. Weeks must demonstrate:   (1) he was engaged in constitutionally

protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a

person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's

adverse action was substantially motivated as a response to Plaintiff's constitutionally

protected activity.   *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012).   Vague and

conclusory allegations that his federal constitutional rights have been violated do not

entitle a *pro se* pleader to a day in court regardless of how liberally the court construes

such pleadings.   *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*,

961 F.2d 916 (10th Cir. 1992).   The general rule that *pro se* pleadings must be construed

liberally has limits and "the court cannot take on the responsibility of serving as the

litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby*

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   Thus, "in analyzing the

sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's

well-pleaded factual contentions, not his conclusory allegations."   *Hall*, 935 F.2d at 1110.

Mr. Weeks will be ordered to file an amended complaint that clarifies the specific factual allegations in support of each retaliation claim he is asserting.   For each claim in the amended complaint Mr. Weeks "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."   *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).   Legal argument is not necessary or appropriate.   Accordingly, it is

ORDERED that Mr. Weeks file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Weeks shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Weeks fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED November 30, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge