**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-02551-CMA-KMT

HUNTER LEE WEEKS,

    Plaintiff,

v.

CONNIE CLAUSSEN, R.N. At Sterling Correctional Facility, and
BERNADETTE SCOTT, Lt. And ADA Inmate Coordinator at Sterling Correctional Facility,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING OCTOBER 31, 2016 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on review of Defendants' Motions to Dismiss Plaintiff's Amended Complaint under Federal Rules of Procedure 12(b)(1) and 12(b)(6). (Doc. # 17.) This Court referred the motion to United States Magistrate Judge Kathleen M. Tafoya for review. On October 31, 2016, Magistrate Judge Tafoya issued her Recommendation that this Court grant Defendant's Motion to Dismiss the Amended Complaint (Doc. # 17) and dismiss the case in its entirety (Doc. # 32).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (Doc. # 32 at 14–15.) Plaintiff filed a partial objection to the Recommendation on November 14, 2016. (Doc. # 32.) Plaintiff objects to Magistrate Judge Tafoya's Recommendation

that the Court dismiss four of Plaintiff's claims[1]: (1) retaliation for exercise of his First Amendment rights; (2) Fourteenth Amendment violations; (3) violation of a Sixth Amendment right to court access; and (4) retaliation under 28 C.F.R. § 135.134(a),(b). Plaintiff also objects to Magistrate Judge Tafoya's finding that Defendants Claussen and Scott are entitled to Eleventh Amendment immunity and Qualified Immunity for his claim brought pursuant to the American's with Disabilities Act (ADA). Plaintiff did not object to Judge Tafoya's Recommendation that the Court dismiss Plaintiff's fifth and sixth claims, or the Recommendation that Defendants Claussen and Scott are entitled to Eleventh Amendment immunity and Qualified Immunity for the constitutional claims.

## I. BACKGROUND

Magistrate Judge Tafoya's Recommendation provides an extensive recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Additional facts will be set forth below as necessary to address Plaintiff's objections.

## II. STANDARDS OF REVIEW

In the absence of objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

---

[1] Plaintiff's Amended Complaint enumerated four federal claims and two supplemental state claims. (Doc. # 7.) Magistrate Judge Tafoya discerned a fifth federal claim. (Doc. #32 at 9–10.) The claims are enumerated herein using the same scheme found in Plaintiff's Amended Complaint.

objects to those findings.")).  However, Fed. R. Civ. P. 72(b)(3) requires that the district judge conduct a *de novo* review of any part of the recommendation that has been properly objected to.  In conducting the review, a "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  Any arguments raised for the first time in objections are deemed waivable and need not be considered by the district court.  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

When reviewing a motion to dismiss under Federal Rule of Procedure 12(b)(1), the court must accept the allegations in the complaint as true but has discretion to review additional evidence submitted by parties without transforming the motion into a motion of summary judgment.  *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

When reviewing a motion to dismiss under Federal Rule of Procedure 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and must construe them in the light most favorable to the plaintiff.  *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.*  (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "The plausibility standard is not akin to a probability requirement but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

The Court has reviewed all relevant pleadings and legal authority concerning Defendants' Motion (Doc. # 17) and the Recommendation (Doc. # 32.)  Based on this

review, the Court concludes—with regard to all portions of the Recommendation to which no objection has been lodged—that Magistrate Judge Tafoya's thorough and comprehensive analysis and recommendations are correct.  "[T]here is no clear error on the face of the record."  Fed. R. Civ. P. 72 advisory committee's note.  The Court therefore adopts those recommendations without further analysis.

However, with respect to Magistrate Judge Tafoya's Recommendation that the Court dismiss Plaintiff's first, second, third, and fourth claims, as well as Magistrate Judge Tafoya's finding that Defendants Claussen and Scott are entitled to Eleventh Amendment immunity and Qualified Immunity on the claim brought pursuant to the ADA, the Court provides the following findings, analysis, and conclusions.  *See* Fed. R. Civ. P. 72(b)(3) (requiring that the district judge conduct a de novo review of any part of the recommendation to which a party has properly objected).

### III.   **ELEVENTH AMENDMENT IMMUNITY**

Plaintiff alleges violations of his constitutional rights as well as a statutory claim, based on the Defendants' actions in their official capacities at Sterling Correctional Facility ("SCF") in the Colorado Department of Corrections ("CDOC").  (Doc. #7.) Defendants move to dismiss the claims as barred by the Eleventh Amendment.  (Doc. # 17 at 4–5.)

The Eleventh Amendment bars action for damages against a state in federal court unless that state waives its sovereign immunity.  *See* U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  *In Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized an exception to Eleventh Amendment immunity under

which a state officer may be enjoined from "taking any steps towards the enforcement of an unconstitutional enactment, to the injury of complainant." 209 U.S. at 159.  The *Ex parte Young* exception, however, is narrow and applies only to prospective relief and may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past.  *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998).

A suit against a state official in his or her official capacity is not a suit against the official; rather, it is a suit against the official's office and, therefore, is no different from a suit against the state.  *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165–166 (1985). The Eleventh Amendment is not abrogated by 42 U.S.C. § 1983, nor does § 1983 provide a jurisdictional basis for a suite against a state official acting in his or her official capacity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Magistrate Judge Tafoya held that Plaintiff could proceed only with claims seeking prospective relief and denied Plaintiff's requests for monetary damages and retrospective relief due to a lack of subject matter jurisdiction.  (Doc. # 32 at 7.)  Plaintiff objects to Magistrate Judge Tafoya's ruling as it relates to Plaintiff's ADA claim, but does not object to the ruling regarding his constitutional claims.  (Doc # 33 at 2.) Plaintiff is correct that "[i]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159, 126 S. Ct. 877, 882, 163 L. Ed. 2d 650 (2006) (emphasis original).  However, Plaintiff did not raise this argument in briefing prior to his Objections, thus the Court

need not consider it. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Even if the Court were to engage in addressing the procedurally inappropriate argument, the Court would find that Plaintiff does not have a viable cause of action pursuant to the ADA. Magistrate Judge Tafoya's Recommendation to dismiss Plaintiff's claims requesting monetary damages and retrospective relief are dismissed for lack of subject matter jurisdiction.

## IV.   **CONSTITUTIONAL CLAIMS**

Apart from his arguments concerning Eleventh Amendment immunity, Plaintiff raises the following additional objections to the recommended dismissal of his case.

### A. Retaliation Claims

Plaintiff's First Claim for Relief alleges that Defendants retaliated against Plaintiff following Plaintiff's exercise of his First Amendment Rights. (Doc. # 7 at 7.)

To state a retaliation claim, the plaintiff must establish: (1) he was engaged in a constitutionally protected activity, (2) defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that protected activity, and (3) defendant's actions were substantially motivated as a response to her protected conduct. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Magistrate Judge Tafoya determined that Plaintiff's First Amendment rights were not implicated in Plaintiff's claims for retaliation because prisoners "do not have a

protected interest in providing legal representation to other inmates." *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990). (Doc. # 32 at 7–8.) Plaintiff objects, arguing that he does have a constitutionally protected interest in providing legal assistance to other inmates, and cites *Johnson v. Avery*, 349 U.S. 483, 490 (1969). (Doc. # 33 at 3.) Plaintiff mischaracterizes the holding in *Johnson v. Avery*, which prohibits States from "enforce[ing] a regulation [. . .] barring inmates from furnishing [legal assistance] to other prisoners" unless a reasonable alternative is provided to inmates seeking to prepare petitions for post-conviction relief. Contrary to Plaintiff's reading, *Johnson v. Avery* does not establish an unqualified right for prisoners providing legal representation to other inmates.

Further, Plaintiff provides no Tenth Circuit authority establishing his constitutional right to voice an opinion regarding providing legal representation to other inmates. Neither this Court nor Magistrate Judge Tafoya found Tenth Circuit authority establishing that Plaintiff's activity of voicing his opinions relating to providing legal representation to other inmates is protected. (Doc. #32 at 8.)

This Court accepts that Recommendation and, for the above reasons, the Court dismisses Claim One as it relates to both Defendants.

**B. Fourteenth Amendment Claims**

Plaintiff's Second Claim for Relief alleges that Defendants violated his Fourteenth Amendment Equal Protection rights by terminating him from his job assignment assisting other offenders with litigation. (Doc. #7 at 11.) Additionally, Magistrate Judge

Tafoya discerned a Due Process claim.  (Doc. #32 at 9.)  The claims will be addressed separately.

### 1. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of its laws."  U.S. Const. amend XIV, § 1.  Where an equal protection claim is not based on a suspect classification or membership in a protected class, a plaintiff must allege: "(1) that Defendants acted with discriminatory intent; (2) Plaintiff is similarly situated to other inmates who were treated differently, and (3) the difference in treatment bears no rational relationship to legitimate penological objectives of the prison."  *Owen v. Medina*, No. 12-CV-00094-RM-CBS, 2013 WL 10445705, at *5 (D. Colo. Dec. 31, 2013), *report and recommendation adopted*, 2015 WL 1524766 (citing *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994)).

Magistrate Judge Tafoya concluded that Plaintiff's Amended Complaint was "devoid of any allegation that the defendants acted with discriminatory intent or that the defendants treated him differently from any other similarly-situated offender" and that Plaintiff failed to allege specific facts to support an equal protection claim.  (Doc. # 32 at 9.)  Plaintiff objects, but only provides a recitation of the facts from his Amended Complaint.  (Doc. #33 at 3.)  His objection, which does not provide specific allegations that Defendants acted with discriminatory intent or treated him differently than similarly situated inmates, is not legally cognizable.  The Court dismisses Plaintiff's Equal Protection claim.

### 2. Due Process Claim

Additionally, in Claim Two, Plaintiff alleges that Defendants "violated the Plaintiff's right to Due Process" when they removed Plaintiff from his position helping inmates with legal proceedings without allowing Plaintiff a hearing. (Doc # 7 at 13.) Magistrate Judge Tafoya discerned a Due Process claim and treated this as separate from the Plaintiff's Equal Protection claim.

The Due Process Clause of the Fourteenth Amendment guarantees due process when a person may be deprived of life, liberty, or property. U.S. Const. amend. XVI, § 1. The Due Process Clause "shields from arbitrary or capacious deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.'" *Harper v. Young*, 64 F.3d 563, 564 (10th Cir. 1995). Thus, before determining whether a plaintiff's procedural due process rights have been violated, the court must determine whether a liberty interest is at stake. If a liberty interest does exist, the court must determine the appropriate procedural protections due to the inmate.

The Constitution does not create a property or liberty interest in prison employment. *Ingram v. Papalia*, 804 F.2d 595,596 (10th Cir. 1986). In accord with *Ingram*, Magistrate Jude Tafoya determined that Plaintiff does not have a liberty interest in his OCA position and dismissed the claim. (Doc. #32 at 10.)

Plaintiff's objection is principally that he "made no due process claims," however Plaintiff proceeds to object to the Recommendation regarding this claim, arguing that he cannot be retaliated against for constitutionally protected activities. (Doc. # 33 at 3.) In doing so, Plaintiff relies on ruling in *Williams v. Meese*, 926 F.2d 994 (10th Cir. 1991).

*Meese*, however, merely prohibits discrimination based on age, race, or handicap, in assigning prison jobs, *id.* at 998, and is therefore inapplicable here.

The Court agrees with the Recommendation that Plaintiff's Due Process claim, so far as it existed, be dismissed, because there is no liberty interest in prison employment.

### C. Access to Courts Claim

Plaintiff's third claim is based on the Sixth Amendment and alleges Defendants retaliated against him for assisting fellow prisoners in accessing the court system, which he claims amounts to a Sixth Amendment violation. (Doc. #7 at 15.)  It is well established that "[t]he protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" *Austin v. United States*, 509 U.S. 602, 608 (1993) (citing *United States v. Ward*, 448 U.S. 242, 248 (1980)).  That is, the "literal language of the [Sixth] Amendment, . . . requires the existence of both a 'criminal prosectio[n]' and an 'accused,' . . . ." *United States v. Gouveia*, 467 U.S. 80, 188 (1984).

Magistrate Judge Tafoya recommended dismissing the Sixth Amendment claim based on Plaintiff's failure to state a plausible claim.  Plaintiff objects, arguing that his aid to other inmates with post-conviction appeals should be covered by the Sixth Amendment.  However, Plaintiff does not allege that Defendants' actions "subjected him to criminal prosecution" or deprived him of a lawyer in a criminal prosecution.  Thus, he has failed to state a claim based on a Sixth Amendment violation.

The Tenth Circuit has held that while a prisoner proceeding *pro se* may assert his own claims in federal court, his competence as a layperson is too limited to protect the

rights of others.  *See Menefee v. Werholtz*, 368 F. App'x 879, at **2 (10th Cir. 2010) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)).

Magistrate Judge Tafoya determined that Plaintiff's "competence as a layperson" is too limited to protect the rights of fellow inmates if Plaintiff is seeking to assert a denial of access to the courts claim on behalf of other inmates. (Doc. # 32 at 11) Plaintiff objects and argues that he is a paralegal and thus should not be considered a "'layperson' [sic] in the law." (Doc. #32 at 4.)  While the Court acknowledges the value of paralegals, Plaintiff does not provide sufficient evidence that his competence is not too limited to protect the rights of others.  Plaintiff does not successfully assert a Sixth Amendment claim on behalf of other prisoners. (Doc. # 32 at 11.)[2]

This Court accepts the Recommendation and, for the above reasons, the Court dismisses Claim Three in its entirety as it relates to both Defendants.

### D. Qualified Immunity

Defendants invoke the affirmative defense of Qualified Immunity in their Motion to Dismiss Plaintiff's Amended Complaint. (Doc. #17 at 11.)  Qualified Immunity is an affirmative defense against § 1983 damages available to public officials, sued in their individual capacities.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  The doctrine protects officials from civil liability for conduct that does not violate clearly established rights of which a reasonable person would have known.  *Id.*  In resolving a motion to

---

[2] Magistrate Judge Tafoya determined that if Plaintiff attempted to assert a Fourteenth Amendment Due Process clause violation for inadequate access to the courts, he failed to allege an actual injury, as required by *Lewis v. Vasey*, 518 U.S. 343, 349 (1996). (Doc. # 32 at 11.)  Plaintiff did not object to this finding.  The Court adopts Magistrate Judge Tafoya's Recommendation.

dismiss based on Qualified Immunity, a court looks at : "(1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (quoting *Pearson*, 55 U.S. at 232) (internal quotations omitted).  Once a defendant invokes Qualified Immunity, the burden to prove both parts of this test rests with the plaintiff, and the court must grant the defendant Qualified Immunity if the plaintiff fails to satisfy either part.  *Dodd v. Richardson*, 614 F.3d 1185, 1191 (10th Cir. 2010).  Where no constitutional right has been violated "no further inquiry is necessary and the defendant is entitled to qualified immunity."  *Hesse v. Town of Jackson, Wyo.*, 541 F.3d 1240, 1244 (10th Cir. 2008) (quotations omitted).

     Magistrate Judge Tafoya concluded that Plaintiff failed to state a claim for any constitutional violation and, therefore, Defendants were entitled to Qualified Immunity regarding the constitutional claims.  (Doc. #32 at 12.)  In his objection, Plaintiff does not address the constitution claims.  Rather, Plaintiff's objection is limited to rebutting Qualified Immunity for his ADA claim.  (Doc. #33 at 4.)  Given Plaintiff's failure to object to the basis upon which Magistrate Judge Tafoya concluded that Defendants were entitled to Qualified Immunity on the constitutional claims, and this Court's finding that Plaintiff failed to state a claim for any constitutional violation; this Court accepts the Recommendation that Defendants are entitled to Qualified Immunity on the constitutional claims.

## V. STATUTORY CLAIM

### A. 28 C.F.R. § 35.143 Retaliation Claim

Plaintiff alleges Defendants retaliated against him in violation of 28 C.F.R. § 35.134, which prohibits a public entity's retaliation against or coercion of any individual who either assisted in an investigation, proceeding, or hearing under the ADA or aided or encouraged another individual to exercise rights granted or protected under the ADA. Part 35, however, does not provide for a private right of action available to Plaintiff.

Magistrate Judge Tafoya dismissed Plaintiff's claim given that there is no private right of action under the statute. Plaintiff objects and argues for a private right of action derived from Part 35, Subpart F, which permits complaints and private suits by "[a]n individual who believes that he or she or a specific class of individuals has been subjected to discrimination on the basis of disability by a public entity. . ." 28 C.F.R. §35.170(a). Plaintiff does not allege that he has been subjected to discrimination on the basis of disability by a public entity. A private right of action is not established merely because an individual alleges that he is assisting other individuals with access to rights protected under the ADA. Plaintiff's claim under 28 C.F.R. § 35.134 is accordingly dismissed.

In addition to his arguments under 28 C.F.R. § 35.134, Plaintiff maintains that he is permitted to file a private suit pursuant to 42 U.S.C. § 12331. (Doc. #7 at 18.) To assert a private action under the ADA: "the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion,

denial of benefit, or discrimination was by reason of a disability." *Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citing § 12132; *Kiman v. N.H. Dep't Corr.*, 451 F.3d 274, 283 (1st Cir. 2006)).

Magistrate Judge Tafoya correctly determined that Plaintiff's Amended Complaint contains no such allegations. Plaintiff does not allege that he is disabled or that he is a qualified individual under the ADA. He merely asserts that because he was an OCA who aided individuals to exercise rights granted by the ADA. In essence, Plaintiff combines the right to private action under the ADA found in 42 U.S.C. § 12133 with the prohibition on discrimination found in 28 C.F.R. § 35.174, and asserts that he is, thus, entitled to bring a private suit because Defendants discriminated against him. As discussed above, Plaintiff is not entitled to assert a private right of action under Part 35. Nor is he entitled to a right of private action pursuant to 42 U.S.C. § 12133.

This Court dismisses Claim Four in its entirety as it relates to both Defendants.

## VI.    CONCLUSION

For the foregoing reasons, the Court ADOPTS IN FULL the Recommendation of Magistrate Judge Kathleen M. Tafoya. (Doc. # 32.) The Court hereby ORDERS

Defendant Connie Claussen and Defendant Bernadette Scott's Motion to Dismiss the Amended Complaint (Doc. # 17) is GRANTED IN FULL.  All claims in this action are dismissed with prejudice.

DATED:  March 31, 2017

> BY THE COURT:
>
> _____
> CHRISTINE M. ARGUELLO
> United States District Judge